

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles A. Tosoh
County Auditor
Hall of Records
Dallas, Texas

Dear Sir:

                          Opinion No. 0-2275
                          Re: Whether or not the Commis-
                          sioners' Court of Dallas
                          County has the power and
                          authority to allow certain
                          enumerated claims arising
                          from criminal prosecutions
                          when presented by the Dis-
                          trict Attorney.

        Your request for an opinion upon the above ques-
tion has been received and considered by this Department.
As a matter of convenience, we insert the body of your let-
ter herein:

        "The District Attorney of Dallas County has
    made application to the Commissioners' Court of
    Dallas County for the payment of, among other
    items, the following:

        "To Dr. A. J. Schwenkenberg the sum of $100.00;
        To Dr. Lewis Silver, the sum of $50.00; and
        To Dr. J. B. Anderson, of the Veterans' Hospi-
        tal in Waco, Texas, the sum of $35.00.

    He states upon oath that the above expenditures were
necessary in the prosecution of one Edward S. Winn
for murder. The facts are substantially as follows:
Edward S. Winn was indicted for the murder of one
William Lloyd Presley, which crime was alleged to
have occurred on November 19, 1937. In the first

MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charles A. Tosoh, Page 2

trial, the accused was given the death penalty.
(see 126 S. W. (2d) 481). The reason set forth
by the Court of Criminal Appeals for the reversal
of said case was that certain lay witnesses were
allowed to testify concerning the insanity of the
accused, (see same citation above set forth).
The case was reversed and remanded, and a second
trial was had. After ascertaining that the only
defense would be that of insanity, and after the
accused had placed several expert witnesses upon
the stand, including Dr. Johnson of the San Antonio
State Hospital, and others, the District Attorney
of Dallas County called Dr. Schwenkenberg, an out-
standing alienest and psychiatrist of Dallas, Texas,
Dr. Lewis Silver of Dallas, Texas, and Dr. R. B.
Anderson of the Veterans' Hospital at Waco, Texas,
as rebuttal witnesses, each of whom have supported
by sworn statements their claims for compensation
in the following amounts:

Dr. Schwenkenberg  - $100.00
Dr. Silver         - $ 50.00
Dr. Anderson       - $ 35.00

and they state under oath that such charges are reason-
able for the services rendered. The District Attor-
ney has also made affidavit that such expenses are
reasonable and necessary.

The District Attorney has also made applica-
tion for the payment of blue print costs in the ap-
proximate sum of $14.00, and charges for the ser-
vices of a handwriting expert, to-wit: W. A. Weaver,
in the sum of $75.00; also the charges for the em-
ployment of an associated reporter on a habeas cor-
pus proceeding in the Criminal District Court in con-
nection with the case of State v. E. R. Wyatt. He
was a non-resident of Dallas County, but is alleged
to have come to Dallas and thrown a bomb into a resi-
dence where his former assistant teacher resided.
The trial of this case resulted in a 50-year sentence.
Upon the trial, it developed that the said Wyatt denied
his signature to a number of statements and letters,
and it was necessary to employ the said W. A. Weaver

Honorable Charles A. Tosoh, Page 3

in connection therewith. Wyatt also denied making certain statements in the habeas corpus proceedings, and it was necessary to have the testimony transcribed for rebuttal purposes. Mr. W. A. Weaver has signed an affidavit that the charges for his services were reasonable, and the application filed by Mr. Patton states that the amount is reasonable and necessary. The same applies to the reporter's bill in the sum of $15.00.

"Article 3912e, section 19, subsection (g) provides as follows:

"'In addition to other sums provided in this section, the district attorney or criminal district attorney may be allowed by order of the Commissioners' Court of his county such amount as said court may deem necessary to pay for, or aid in, the proper administration of the duties of such office, not to exceed Two Thousand Five Hundred ($2,500.00) Dollars in any one calendar year: provided, that such amounts as may be allowed shall be allowed upon written application of such district attorney or criminal district attorney showing the necessity therefor, and provided further that said Commissioners' Court may require any other evidence that it may deem necessary to show the necessity for any such expenditures, and that its judgment in allowing or refusing to allow the same shall be final. No payment therefor shall be made except upon an itemized sworn statement of such expenses filed in the manner provided in this section for other expenses.'

"Mr. Patton, the District Attorney of Dallas County, has complied with said article as to the said provisions and the case numbers, etc., and has also secured affidavits and sworn statements from the various claimants.

"The Commissioners' Court of Dallas County has declined to allow this claim, not that it is not a just claim, and should be paid, and would be paid, if legal, but on the ground that the payment thereof is prohibited under the recent holding of the Supreme Court of Texas in the case of Dallas County v. Crosthwait, not yet reported.

Honorable Charles A. Tosch, Page 4

"Please advise me at your earliest possible
convenience whether or not the Commissioner's
Court of Dallas County has the legal right and
authority to allow the above claims under the pro-
visions of article 3912e, sec. 19, subsec. (g),
or any other laws of the State of Texas.

"For your information, the District Attorney
has not exceeded the $2,500.00 limitation as set
out in subsection (g)."

In the case of Crosthwait v. State* certain alleged
gambling devices were seized by the district attorney. The Dis-
trict Attorney of Dallas County employed a transfer company to
haul the equipment to a place of storage pending application,
by the District Attorney, for an order of destruction. The
drayage charge amounted to some $54.90.

The District Attorney properly made application to
the Commissioners' Court for payment of said claim against the
county. The Commissioners' Court approved it and provided for
payment out of a fund set aside pursuant to the provisions of
Article 3912e, section 19(g), Vernon's Annotated Civil Stat-
utes.

The county auditor, one John L. Crosthwait, exer-
cised his prerogative and refused to recognize the claim on
the ground of invalidity.

The Commission of Appeals upheld the auditor's posi-
tion; stating as a reason, the fact that the law expressly
places the duty to seize alleged gambling equipment upon the
peace officers, and not upon the District Attorney nor his of-
fice. Accordingly, it was held that said claim was not within
the purview of Article 3912e, Section 19(g), Vernon's Annotated
Civil Statutes, which provides that:

"(g). In addition to other sums provided in
this section, the district attorney or criminal
district attorney may be allowed by order of the
Commissioners' Court of his county such amount as
said court may deem necessary to pay for, or aid

---

*Recent decision of Section B of the Commission of
Appeals which has not yet been reported.

Honorable Charles A. Tosch, Page 5

in, the proper administration of the duties of such office, not to exceed Two Thousand Five Hundred ($2,500.00) Dollars in any one calendar year; provided, that such amounts as may be allowed shall be allowed upon written application of such district attorney or criminal district attorney showing the necessity therefor, and provided further that said Commissioners' Court may require any other evidence that it may deem necessary to show the necessity for any such expenditures, and that its judgment in allowing or refusing to allow the same shall be final. No payment therefor shall be made except upon an itemized sworn statement of such expenses filed in the manner provided in this section for other expenses." (Underscoring ours)

The Court in the Crosthwait case quoted that portion of Article 3912e, section 19(g), which is underlined, supra, and further, a certain portion of section (1) of the same Article which is as follows:

"And such officer shall be entitled to file claims for and issue warrants in payment of all actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses, . . . and other necessary expenses."

Then the Court found that:

"By the limitations expressed in the next above quoted portion of the statute the district attorney and the commissioners court of Dallas county were limited to the kind of expenditures mentioned in said statute. Since seizure of gambling devices is the duty of peace officers and not the duty of the district attorney and the statutes governing the expenditures of the office of district attorney for expenses specifically limit such expenditures to those named in the statute we are of the opinion that the commissioners court of Dallas county was without authority to allow the expenditures as a necessary expense of the office of dis-

triot attorney of Dallas County. Casey et al v. State, 289 S. W. 428 (writ refused). Therefore, the action of the commissioners court in allowing the claim as a necessary expense of the office of district attorney being without statutory authority is void. Howard et ux v. Henderson County, 116 S. W. (2) 479 (writ refused); Jeff Davis County v. Davis et al, 192 S. W. 291 (writ refused)." (Underscoring ours).

The Casey case, cited by the Court in the above quoted portion of its decision, held, in effect, that the general phrase "and other necessary expense" comprehended only things of the same kind or class as those more particularly and specifically stated. Briefly, the rule of ejusdem generis was applied. The particularized expenses mentioned are stationery, stamps, telephone, and traveling expenses.

The rule of ejusdem generis clearly applies to section (1); but it is the opinion of this Department that the court, in the Crosthwait decision, did not intend to imply that the entire statute would be qualified by that rule of statutory construction. If that were true, the express purpose of section (g) would be rendered for naught. By its very terms, section (g) seeks to provide sums in addition to those provided elsewhere in the statutes.

The District Attorney is required to represent the State in criminal prosecutions. It is "his duty to do that which a faithful and vigilant district attorney would be expected to do, considering the magnitude and importance of the case, and that which was essential and necessary to the faithful performance of his official duty." If the Commissioners' Court deemed the expenses enumerated in your letter necessary or that they aided in the proper administration of the district attorney's duties then, if the other statutory requirements have been met, and you so state, we see no reason why those expense items should not be allowed out of the $2,500.00 fund provided for in section (g).

This does not mean that a district attorney may contract to pay so-called experts any more than other witnesses, except in those instances where such witnesses have had to expend effort in order to qualify themselves as experts in a particular case.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 15, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:BBB



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN